**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DAVID NA'IM, 293585, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-1951-M |
| ) | |
| RICK THALER, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The findings and recommendation of the Magistrate Judge follow:

**I.    PROCEDURAL BACKGROUND**

Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner does not challenge his conviction or sentence, but instead challenges the revocation of his parole.

On June 18, 2002, Petitioner was released on parole. On July 24, 2007, Petitioner's parole was revoked. On November 16, 2007, Petitioner filed a state habeas application challenging the revocation. *Ex parte Na'im*, Application No. 15,698-03. On May 14, 2008, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On October 24, 2008, Petitioner filed the instant § 2254 petition. He argues:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

1. He was denied due process and his "Texas rights" because the Board of Pardons and Paroles ("Board") held a revocation hearing without first holding a preliminary hearing;

2. He was denied due process because he was not appointed counsel and no counsel was present during the revocation hearing; and

3. He was denied due process because he could not confront and cross-examine his parole officer.

## II. DISCUSSION

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2.     Parole Revocation Hearing**

Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes do not create a protected expectation of release. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). The loss of liberty necessitated in parole revocation, however, requires that parolees be accorded due process during revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Thus, parolees have a conditional liberty interest protected by the Fourteenth Amendment of the Constitution entitling them to the following minimum due process requirements: (1) written notice of the claimed violations of parole; (2) disclosure of the evidence against the parolee; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body such as a parole board; and (6) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Morrissey*, 408 U.S. at 489.

In this case, Petitioner argues his parole revocation was constitutionally defective because: (1) he was denied a preliminary hearing; (2) he was denied the right to counsel and to

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge              3**

have counsel present at the revocation hearing; and (3) he was denied the right to confront and cross-examine his parole officer.

3. **Preliminary Hearing**

Petitioner argues his constitutional rights and Texas rights were violated when he was denied a preliminary revocation hearing. A parolee, however, is not denied due process where the state provides him a full evidentiary hearing before the revocation of his parole or mandatory release becomes final. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) (denying habeas relief for failure to conduct preliminary revocation hearing when final revocation hearing had been conducted); *Barton v. Malley*, 626 F.2d 151, 159 (10th Cir. 1980) (same, parole revocation); *Bursey v. Quarterman*, No. 3:06-CV-1899-D, 2007 WL 2402994 at *5 (N.D. Tex. 2007) (same). In this case, Petitioner was provided a full revocation hearing on July 16, 2007. Petitioner's claims regarding the denial of a preliminary hearing should be denied.

4. **Right to Counsel**

Petitioner argues his constitutional rights were violated when he was denied appointment of counsel for the revocation hearing and denied the right to have counsel present at the hearing. A parolee has no absolute right to counsel during parole revocation proceedings. *Gagnon*, 411 U.S. at 790. A presumption of the right to counsel arises, however, where a petitioner makes a timely and colorable claim (I) that he has not committed the alleged violation; or (ii) that, even if the violation is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present. *Id*. The decision regarding the need for counsel is made on a case-to-case basis in the exercise of sound discretion by the state authority charged with the responsibility for

administering the parole system. *Id.* at 790-91. Additionally, the agency should consider whether petitioner appears capable of speaking effectively for himself. *Id.*

In this case, Petitioner admitted at the hearing that he committed the violation of not reporting to his parole officer on three separate occasions, and not reporting for out-patient treatment on one occasion. (*Ex parte Na'im* at *3*9). Although Petitioner argues that counsel was necessary to compel his sister and uncle to testify at the hearing, Petitioner has not shown that a subpoena was necessary to compel the appearance of these witnesses. He has also failed to submit any evidence that these witnesses would have testified favorably for the defense. *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ").

Additionally, the hearing officer found that Petitioner understood the proceedings, that the issues were not too complex and that Petitioner had no history of mental illness or mental retardation . *(Id.* at 36). The state court therefore found Petitioner's claim was without merit. Petitioner has not shown that the state court's determination that he was not entitled to habeas relief on this claim was in conflict with clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's claim should therefore be denied.

### 5.     Right to confront parole officer

Petitioner claims his constitutional rights were violated when he was denied the right to confront and cross-examine his parole officer. Petitioner's parole officer did not attend the revocation hearing. During the hearing, Petitioner submitted a written document explaining that he did not trust his parole officer and that he thought his parole officer would revoke his parole

for minor infractions. (*Id*. at 56.) He also stated he did not report to his parole officer and to out-patient treatment because he did not have transportation. (*Id*. at 57.)

The hearing officer stated that she based her decision on Petitioner's admission to the parole violations, the Violation Report stating that Petitioner had violated his parole, Petitioner's oral statements at the hearing, and Petitioner's written statement submitted at the hearing. (*Id*. at 36.) Additionally, the hearing officer's conclusions that Petitioner violated the conditions of release were supported by the evidence. Since there was sufficient competent evidence, Petitioner is not entitled to relief. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Williams v. Johnson*, 171 F.3d 300, 307-08 (5th Cir. 1999) (finding state's failure to produce parole officer at revocation hearing was harmless).

**6.    Summary**

Petitioner has failed to show that the state court's determination that he was not entitled to habeas relief on was in conflict with clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's claims should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for habeas corpus relief be denied for failure to make a substantial showing of the denial of a federal right.

Signed this 24th day of January, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**                 7